OHIO STATE BAR ASSOCIATION *v.* CLEMINSHAW.

[Cite as *Ohio State Bar Assn. v. Cleminshaw*, 137 Ohio St.3d 576,

2013-Ohio-5200.]

*Unauthorized practice of law—Questioning witness during an administrative hearing—Consent decree—Injunction issued.*

(No. 2013-1346—Submitted September 11, 2013—Decided December 5, 2013.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law

of the Supreme Court, No. UPL 11-06.

_____

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Ohio State Bar Association, and respondent, John D. Cleminshaw. We accept the board's recommendation and approve the proposed consent decree as submitted by the parties as follows:

Whereas, Respondent is not and has never been an attorney admitted to practice, granted active status, certified to practice law in the State of Ohio pursuant to Rules I, II, III, IV or V of the Supreme Court Rules [for] the Government of the Bar;

Whereas, on December 1, 2010, Robert D. Mellinger filed a complaint with the Ohio State Bar Association Unauthorized Practice of Law Committee ["OSBA UPL Committee"] alleging that John Cleminshaw engaged in the unauthorized practice of law by cross-examining him while he was a witness in a hearing before

the Wayne County Board of Revision as an appraiser for the Orville Shopping Center;

Whereas, Respondent admits that while retained as a consultant real estate appraiser by the Wayne County Board of Revision, he questioned Mr. Mellinger, while Mr. Mellinger appeared as a witness;

Whereas, Respondent admits that his conduct constituted the unauthorized practice of law;

Whereas, Respondent has ceased engaging in the type of conduct described in the complaint and has ceased doing so since August of 2010;

Whereas, respondent agrees not to engage in said conduct or in any other conduct that would constitute the unauthorized practice of law into the future;

Now, therefore, upon the consent of the parties affixed hereto, it is hereby ordered and decreed as follows:

1. Respondent shall not examine witnesses or otherwise participate in a County Board of Revision hearing through any conduct that would constitute the unauthorized practice of law;

2. This consent Decree does not prohibit Mr. Cleminshaw from attending hearings of County Board of Revisions as a consultant to, and provide advice to Panel Members of the Board of Revision during said hearings;

3. Based upon the facts: that Respondent was unaware that his conduct constituted the unauthorized practice of law at the time he undertook said activities; that Respondent has ceased and desisted said activities and has not engaged in such activities since he was first put on notice of the investigation by the Relator on

January 12, 2011; that Respondent completely cooperated with the investigation by the OSBA UPL Committee with respect to the complaints against him; that no harm came to any third party as a result of his conduct; and that Respondent has agreed to cease and desist said conduct in the future, as well as any conduct that constitutes the unauthorized practice of law, no civil penalty shall be applied.

4. There are no costs that have been incurred.

So ordered.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William Hicks and Eugene Whetzel, for relator.

Thompson Hine, L.L.P., Frank DeSantis, and John R. Mitchell, for respondent.

_____